# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, | : No. 3:14cv525 :  : (Judge Munley) |
| Plaintiff | : |
| v. | : |
| BEVERLY A. SHELLEY; KAREN SHELLEY; BRIAN SCOTT and REBECCA SCOTT, h/w; JEFFREY W. NEPA, Esq., Personal representative of the estate of Joseph Janusziewicz; LOUISE HENRY and BASES LOADED, INC., d/b/a OUTPOST INN, | : : : : : : : : : : |
| Defendants | : |

## **MEMORANDUM**

Before the court is the Plaintiff Nationwide Affinity Insurance Company of America's (hereinafter "plaintiff" or "Nationwide") declaratory judgment complaint. Nationwide seeks a declaration that an automobile insurance policy that it issued to Defendant Beverly Shelley does not provide any liability coverage in relation to a personal injury lawsuit that has been filed in the Luzerne County Pennsylvania Court of Common Pleas. After a review of this matter, we will decline to exercise jurisdiction and dismiss the case *sua sponte*.

**Background**

This case arises out of a dispute over whether plaintiff is obliged to provide coverage pursuant to a automobile insurance policy that it issued to Defendant Beverly Shelley. An automobile accident occurred on March 11, 2012 in Lehman Township, Luzerne County, Pennsylvania. At the time of the accident, Joseph Janusziewicz drove an automobile with Beverly Shelley as a passenger. (Doc. 1, Compl. ¶¶ 19, 26). Karen Shelley, Beverly's mother, owned the automobile. (Id. ¶ 22). The automobile crossed the center dividing line of the roadway and was involved in a head-on collision. (Id. ¶ 27).

Defendant Brian Scott suffered personal injuries in the automobile accident, and he filed a lawsuit in the Luzerne County Court of Common Pleas against Beverly and Karen Shelley, the Estate of Joseph Janusziewicz, Louise Henry and Bases Loaded, Inc., d/b/a Outpost Inn. (Id. ¶ 28). Scott asserts that coverage is available from an insurance policy issued to Karen Shelley, as well as from the insurance policy issued to her daughter, Beverly Shelley. (Id. ¶ 29). Nationwide disputes coverage under the policy it issued to Beverly Shelley, who was merely a passenger. Plaintiff Nationwide instituted the instant declaratory judgment action

seeking a declaration that the insurance policy it issued to Beverly Shelley does not provide any liability coverage for any injury or claim involved in the Luzerne County Court of Common Pleas action.

**Jurisdiction**

The plaintiff asserts that this Court's diversity jurisdiction pursuant to the, 28 U.S.C. § 1332.  (Doc. 1, Compl. ¶¶ 9-15).

**Discussion**

Generally, in diversity cases, we apply the law of Pennsylvania. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir.2000) ( citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  However, "federal courts are to apply state substantive law and federal procedural law."  Hanna v. Plumer, 380 U.S. 460, 465 (1965).  The instant case is before the court in the form of a declaratory judgment action, and federal courts have concluded that declaratory judgment actions are procedural rather than substantive.  See Fischer & Porter Co. v. Moorco Int'l Inc., 869 F. Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the [Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it."); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978) (holding that the

3

[Declaratory Judgment] Act involves procedural remedies and not substantive rights ... The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief."). As a result, the court here would apply substantive Pennsylvania law in interpreting the insurance contract, but the procedural strictures of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. See Fischer & Porter, 869 F.Supp. at 326.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has explained that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Supreme Court has emphasized that district courts are under no compulsion to exercise this discretionary jurisdiction. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942).

A court's decision to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id. A court may *sua sponte* exercise its discretion not to hear a declaratory judgment action. See id. at 136.

The trend of Federal District Courts sitting in Pennsylvania is "to decline to exercise jurisdiction over declaratory judgment actions involving an insurance company that are solely brought on diversity and have no federal question or interest." Reifer v. Westport Ins. Corp., 943 F. Supp. 2d 506, 508 (M.D. Pa. 2013); see also Allstate Ins. Co. v. Seelye, 198 F. Supp. 2d 629, 631-32 (W.D. Pa. 2002) (stating that when the sole issue of insurance coverage presents no federal question, nor promotes any

federal interest, district courts are reluctant to exercise jurisdiction over declaratory judgment actions).

Therefore, the question here is whether we should exercise our discretion to decline to hear this declaratory judgment action when the sole issue does not present a federal question or promote any federal interest. Plaintiff seeks a declaration, pursuant to state law, that it does not owe any liability coverage under Defendant Beverly Shelley's automobile insurance policy in the underlying state court proceeding.  Any judgment the court issues in this case would depend largely on applying well-settled principles of Pennsylvania law to the factual occurrences that gave rise to the state-court suit.  Plaintiff does not ask us to resolve questions of federal statutory or constitutional law which we might be peculiarly qualified to answer.

A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so. See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum"). As the Third Circuit Court of Appeals has explained "[t]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties,

perceive some advantage in the federal forum.  When state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.  Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare."  Id.   Adding our opinion to those of the state court in this case would make the matter unnecessarily more complex.   Further, the complaint indicates that litigation is pending on the underlying matter.  Having this court settle a matter of contract interpretation would require an inquiry into the facts of that case, and would represent an inefficient allocation of judicial resources.

**Conclusion**

Accordingly, our interest in comity and respect for judgments of state courts compels us to use our discretion to decline to exercise jurisdiction in this case.  Moreover, the matter before this court is one of contract interpretation under state, rather than federal, law. No unique questions of federal law exist, and this court's expertise is not necessary for a just outcome in the case. The parties' claims can be better addressed in state court.  The court will therefore *sua sponte* dismiss this action without prejudice to the plaintiff seeking relief in state court.  An appropriate order

follows.

**Date: April 2, 2014**          <u>**s/ James M. Munley**</u>
                                 **Judge James M. Munley**
                                 **UNITED STATES DISTRICT COURT**